# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

**H. THOMAS MORAN, II, Receiver of
the Assets of LifeTime Capital, Inc. and
Certain Affiliated Persons and Entities**

                 **Case No. C-3-05-072**

          **Plaintiff,**

**-vs-**

                 **Judge Thomas M. Rose**

**DAVID W. SVETE,**                 **Magistrate Judge Sharon L. Ovington**

          **Defendant.**

---

**ENTRY AND ORDER OVERRULING SVETE'S MOTION TO RECONSIDER THE
ORDER OF JUDGE THOMAS M. ROSE DATED 12-12-06 (Doc. #38); OVERRULING
SVETE'S OBJECTION TO THE USE OF A MAGISTRATE (Doc. #39); OVERRULING
SVETE'S MOTION TO RECONSIDER THE NOTATION ORDER OF JUDGE
THOMAS M. ROSE DATED 1-11-07 (Doc. #45); OVERRULING SVETE'S MOTION
FOR LEAVE TO FILE AN ENLARGED MOTION (Doc. #46) AND STRIKING SVETE'S
MOTION TO VACATE THE ORDER OF MAGISTRATE SHARON L. OVINGTON
DATED 12-18-06 (Doc. #47)**

---

*Pro se* Defendant David W. Svete ("Svete") currently has several motions pending before

the Court and ripe for decision. Each will be addressed seriatim.

## MOTION TO RECONSIDER THIS COURT'S ORDER

In his first pending motion, Svete seeks reconsideration of an Order entered by this Court

on December 12, 2006 (the "December 2006 Order" found at doc. #35). (Doc. #38.) The

December 2006 Order overruled Svete's Objections (doc. #34) to Magistrate Judge Ovington's

Report and Recommendations (doc. #30) and adopted the Magistrate Judge's Report and

Recommendations. This Report and Recommendations recommends denial of Svete's Motion To

Dismiss for Lack of Jurisdiction Due To an Arbitration Agreement.

Svete now asks this Court to reconsider the December 2006 Order pursuant to Rules 52(b) and 59(e) of the Federal Rules of Civil Procedure. Rule 52, including section (b), applies to civil actions tried without a jury. In this case, there has not yet been a trial or a final judgment. Therefore, Rule 52(b) is not applicable.

Rule 59(e) applies to civil actions tried with a jury. As above, there has yet to be a trial or a final judgment in this matter. Therefore, Rule 59(e) is not applicable and Svete has not set forth any basis for his Motion To Reconsider.

Svete also argues that he has not received the December Order and asks that this Court "please double check their records to ensure that proper Notice is delivered next time." However, the December Order indicates that it was to be served on counsel of record and on Mr. Svete.

Mr. Svete then goes on to remind the Court of the "*pro se* prisoner mailbox rule." Svete argues that the *pro se* prisoner mailbox rule holds that prisoners are not served until they receive mail from the prison authorities. However, the prisoner mailbox rule set forth in *Houston v. Lack*, 487 U.S. 266 (1988), and the other cases cited by Svete, provides that a notice of appeal is filed at the time it is delivered to prison authorities for delivery to the court clerk. This rule as set forth in the cases cited by Svete applies to filings by *pro se* prisoners and not to the receipt of mail by *pro se* prisoners.

Svete raises a third procedural issue. In this case, the December Order was filed on December 12, 2006 and Svete's Motion To Reconsider was docketed on December 29, 2006. However, Svete attests that his Motion To Reconsider was filed on December 23, 2006. Assuming that Svete means that his Motion To Reconsider was delivered to the prison

authorities for delivery to the court clerk, it was technically filed within a ten-day period following entry of the December Order. However, as indicated above, Svete's Motion To Reconsider is, for other reasons, not procedurally acceptable.

Svete's fourth procedural argument is that the December Order erred in setting forth the proper filing date of his objections to the Magistrate's Report and Recommendations. Svete argues that his objections were presumably delivered to the prison authorities, and thus filed, on November 9, 2006. However, Svete's argument regarding when his objections to the Magistrate's Report and Recommendations were technically filed is irrelevant because those objections were considered by this Court.

Even if Svete's Motion To Reconsider was procedurally sound, which it is not, the motion is not substantively well-founded. Svete's substantive objection is that a written arbitration agreement exists and the claims brought against him by the Receiver are required to be arbitrated. This is, at a minimum, the fourth time that Svete has raised this argument in some form or another. It has been raised twice in this case and two times in a companion case in this Court captioned *Davis v. TimeLife Capital, Inc*. No. 3:04-cv-059. This argument was unsuccessful for Svete the three prior times it was raised and it continues to be unsuccessful.

Svete begins by arguing that the Magistrate evidently has not seen the alleged arbitration agreement. However, while Svete's Motion To Dismiss (doc. #21) mentions an arbitration agreement, none is attached nor does the Motion To Dismiss indicate that an arbitration agreement is attached. In fact, Svete did not provide a copy of the arbitration agreement to the Court until he filed his Motion To Stay (doc. #32) which was docketed on November 13, 2006.

The Magistrate, however, referred to the Complaint which seeks to hold Svete personally liable, rather than liable in his corporate capacity as a former owner or office holder of LifeTime Capital. The Magistrate determined that the allegation that LifeTime Capital entered into contracts containing mandatory arbitration provisions does not establish that Svete entered into such contracts in his individual or personal capacity. Thus, according to the Magistrate, Svete failed to establish that the parties in this case, particularly Svete in his individual or personal capacity, entered into a contract containing a mandatory arbitration provision.

Of course, when conducting its de novo review, this Court had before it the copy of the alleged arbitration agreement that had been provided by Svete when he objected to the Magistrate's Report and Recommendations. The alleged arbitration agreement appears in a document entitled "Consultant Agreement" that was entered into between Svete and Roger Lange, President of LifeTime Capital, on July 1, 1999. This Consultant Agreement was entered into at a time when Svete was in control of LifeTime.

Entry into the Consultant Agreement was one part of Svete's extensive schemes to remove significant funds from the treasury of LifeTime for Svete's individual benefit. Svete's extensive schemes to remove significant funds from LifeTime were the basis for his conviction for fraud, conspiracy and money laundering. Since Svete seeks to enforce an arbitration clause in a contract that is the result of fraud or coercion, arbitration will not be compelled.[1] *See Pritzker v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 7 F.3d 1110, 1118 (3d Cir. 1993) (it is well

---

[1]Svete's attempts to compel arbitration pursuant to allegedly this same arbitration agreement have been earlier rejected by this very Court in *Davis v. LifeTime Capital, Inc.*, No. 3:04-cv-059.

settled that a party may not be compelled to arbitrate its claims where the arbitration agreements are a result of fraud or coercion).

The December Order overrules Svete's Objections and his Motion To Dismiss based upon a de novo review of the record which included the alleged arbitration agreement. Svete's Motion To Reconsider the December Order is neither procedurally nor substantively well founded. It is, therefore, OVERRULED.

Svete asks that, "[i]n the alternative, please consider this the Defendant's Notice of Appeal To the United States Court of Appeals, Sixth Circuit. Based upon his past actions, Svete is well aware of the proper procedure to appeal an order of this Court and this is not the proper procedure. Therefore, his request that his Motion for Reconsideration be considered, in the alternative, to be an appeal to the Sixth Circuit is DENIED.

## OBJECTION TO THE USE OF A MAGISTRATE

In his second pending "motion," Svete objects to the use of a magistrate. Svete argues that he is entitled to adjudication by an Article III Judge.

A magistrate judge derives his or her jurisdiction and authority from 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Further, this Court has delegated authority to magistrate judges to perform any and all functions authorized by statute for full-time United States Magistrate Judges and has ordered these magistrate judges to proceed in accordance with Rule 72. See United States District Court for the Southern District of Ohio, Western Division at Dayton, General Order of Assignment and Reference. Specifically, this matter was referred to Magistrate Judge Sharon L. Ovington pursuant to 28 U.S.C. § 636(b)(1)(A), (B) and (C) and §636(b)(3). (Doc. #10.)

Other than a general objection to the use of a magistrate, Svete has presented no legal argument, and this Court is aware of no such argument, that this Court is not using magistrates in accordance with the current statutes. Therefore, Svete's objection to the use of a magistrate is not well-founded and is hereby OVERRULED. Svete's constitutional right to an Article III Judge is being honored in accordance with the current law.

### MOTION TO RECONSIDER THE NOTATION ORDER DATED 01/11/07

In his third pending motion, Svete seeks reconsideration of a notation order entered by the District Judge on January 11, 2007 (the "January Notation Order"). The January Notation Order struck a motion to vacate filed by Svete because the motion did not comply with Local Rule 7.2(a)(3).

This motion is neither procedurally nor substantively well-founded. As to procedure, Svete brings this motion pursuant to Fed.R.Civ.P. 52(b), 59(e) and/or 60(b)(1). However, these provisions are not applicable because final judgment has not been entered nor has a trial of the matter been conducted.

Regarding substantiality, Local Rule 7.2(a)(3) limits the length of memoranda in support of or in opposition to a motion to twenty pages. The memoranda supporting Svete's Motion To Vacate exceeded twenty pages and Svete did not obtain leave of court to do so.

Svete argues that he should not have to comply with its local rules because he is presently incarcerated, he is proceeding *pro se*, he was unfamiliar with Local Rule 7.2(a)(3), he is without benefit of a computer or word processor and he has very limited access to typewriters. He also argues that it is very difficult to judge the length of a document until it is finished.

While the allegations of a *pro se* complaint are subjected to less stringent standards than formal pleadings drafted by lawyers, *pro se* defendants are subject to basic pleading requirements and straightforward scheduling requirements that are as understandable by a layman as a lawyer. *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989). In this case, the twenty-page limit is easily understandable and Svete must comply with the local rule regarding page limitations.

Svete also argues that the Court should have notified him of the Rule and deficiency and allowed him to submit the five-page Table of Contents/Summary. However, the Court did notify Svete of the rule and did not prevent him from seeking leave to exceed the twenty-page limitations.

Svete's Motion To Reconsider the January Notation Order is OVERRULED. It is neither procedurally nor substantively well-founded.

## MOTION TO FILE AN ENLARGED MOTION AND MOTION TO VACATE THE MAGISTRATE'S ORDER DATED 12-18-06

The final Svete motions that are ripe for decision are a Motion To Vacate the Magistrate's Entry and Order that was entered on December 18, 2006 (the "December 2006 Magistrate's Order" found at doc #47) and a Motion for Leave To File an Enlarged Motion (doc. #46). The Motion To Vacate seeks to vacate the December 2006 Magistrate's Order which overrules Svete's Motion To Stay and To Compel Arbitration (doc. #32) and overrules Svete's Motion To Reconsider a previous order that requires Svete and the Receiver to each file a Memorandum setting forth their proposed scheduling deadlines. Svete's Motion for Leave To File an Enlarged Motion seeks leave to file a memorandum supporting the Motion To Vacate that exceeds twenty pages.

-7-

Turning first to Svete's Motion for Leave To File and Enlarged Motion, Svete offers no good cause for exceeding the twenty-page limit. Therefore, this Motion is not well-founded and is OVERRULED.

Turning next to Svete's Motion To Vacate, it exceeds twenty pages in length and was filed without leave of court to exceed twenty pages. It, therefore, is STRUCK.

However, if this Motion To Vacate was not struck, it would be overruled. Svete first argues that the Magistrate is acting without authority. However, as reasoned above, this is not the case.

Svete also raises the same issue that has several times been unsuccessfully raised by Svete, most recently above. That issue is the applicability of an arbitration clause to the dispute between the Receiver and Svete. As the Court has previously determined more than once, since Svete seeks to enforce an arbitration clause in a contract that is the result of fraud or coercion, arbitration will not be compelled.

As with one of the motions addressed above, Svete asks that, "[i]n the alternative, please consider this the Defendant's Notice of Appeal To the United States Court of Appeals, Sixth Circuit. Based upon his past actions, Svete is well aware of the proper procedure to appeal an order of this Court and this is not the proper procedure. Therefore, his request that his Motion To Vacate be considered, in the alternative, to be an appeal to the Sixth Circuit is DENIED.

**DONE** and **ORDERED** in Dayton, Ohio, this Twenty-Eighth day of March, 2007.

s/Thomas M. Rose

———————————————————————

THOMAS M. ROSE
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

Mr. David W. Svete
Reg. #05779-017
Elkton FCI
P.O. Box 10
Lisbon, OH 44432