# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| H. THOMAS MORAN II, Receiver of the Assets of LifeTime Capital, Inc. and Certain Affiliated Persons and Entities, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:05cv00072 |
| vs. | : | District Judge Thomas M. Rose<br>Magistrate Judge Sharon L. Ovington |
| DAVID W. SVETE, et al., | : | |
| Defendants. | : | |

## REPORT AND RECOMMENDATIONS[1]

This case is before the Court upon Defendant's recently-filed Notices of Appeal (Doc. #s 96, 105), his pending Motions (Doc. #s 88, 89, 90, 97, 102, 103, 106, 107, 108), and the record as a whole.

Having been convicted of committing various federal crimes – conspiracy, mail fraud, money laundering, and interstate transportation of money obtained by fraud – Defendant in the instant civil case is currently incarcerated in the Federal Corrections Institution in Big Springs, Texas.  *See* Doc. # 69 at p.3, n.1 (CMECF at 554, n.1).

Although Defendant seeks to appeal numerous orders in the present case, he has

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

neither paid the required filing fee in support of his notices of appeal nor filed an application to proceed *in forma pauperis* on appeal.  He must do one or the other to commence an appeal.  *See* 28 U.S.C. §1915(a)(2).  Defendant knows this as he was previously informed of this requirement by the Clerk of Court's Office for the United States Court of Appeals for the Sixth Circuit.  *See, e.g.*, Doc. #28.

Assuming, based on Defendant's failure to pay the required filing fee, that he will seek leave to proceed in forma pauperis on appeal, he may not do so "if the trial court certifies in writing that it is not taken in good faith."  28 U.S.C. §1915(a)(3).  The test under §1915(a) for whether an appeal is taken in good faith, is whether the litigant seeks appellate review of any issue that is not frivolous.  *See Coppedge v. United States*, 369 U.S. 438, 445-46, 82 S.Ct. 917, 920-21, 8 L.Ed.2d 21 (1962).  An appellant's subjective good-faith motivation for appealing is not relevant; instead, the issue is whether – objectively speaking – there is any non-frivolous issue to be litigated on appeal.  *See id*.

Defendant's present appeals are frivolous because the orders he seeks to appeal are not final appealable orders.  Congress, through 28 U.S.C. §1291, has provided "'for appeal to the court of appeals only from 'final decisions of the district courts of the United States.'"  *Lauro Lines S.R.L. v. Chasser*, 490 U.S. 495, 497 (1989).  "For purposes of §1291, a final judgment is generally recognized as a decision by the district court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment...."  *Id*. at 497-98.  The orders Defendant seeks to appeal did not end this litigation and did not result in the imposition of a judgment against any party.  His

appeals of such non-final orders are therefore frivolous and not brought in good faith. Defendant's previous attempt to appeal non-final orders in this case ended in the same manner.  *See* Doc. #43.

In addition, Defendant's notices of appeal do not challenge orders subject to interlocutory appeal under 28 U.S.C. §§1292(a), (b).  The orders he seeks to appeal do not address a matter identified in §1292(a).  Those order also did not resolve a controlling question of law and, given the non-dispositive nature of the orders, Defendant's present appeal will not materially advance the ultimate termination of this litigation as required by §1292(b).  *See In re City of Memphis*, 293 F.3d 345, 350 (6th Cir. 2002) (Interlocutory appeals are permitted sparingly and only in exceptional cases).

## IT IS THEREFORE RECOMMENDED THAT:

The Court certify pursuant to 28 U.S.C. §1915(a)(3) that Defendant's notices of appeal (Doc. #s 96, 105) are not brought in good faith.


February 14, 2011                               s/ Sharon L. Ovington
                                                          Sharon L. Ovington
                                                     United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations.  Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F).  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections within fourteen days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).