UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION, AT DAYTON

H. THOMAS MORAN, II                         :
in his Capacity as Receiver of
the Assets of Lifetime Capital,             :     Civil Action No. 3:05-cv-0072
Inc. and Certain Affiliated Persons
and Entities,                               :
                                                  Judge Thomas M. Rose
    Plaintiff,                            :
                                                  Magistrate Judge Michael J. Newman
vs.                                         :

DAVID SVETE,                                :

    Defendant.                            :

ORDER and
REPORT AND RECOMMENDATION[1]

    This case is before the Court upon seven motions. (Docs. 145, 154, 156, 160, 161, 170, 175). Six motions have been filed by Defendant David Svete, who appears *pro se* (hereinafter "Defendant"); the seventh is brought by the Receiver (hereinafter "Plaintiff"). All seven motions are ripe for decision.

I.

**Defendant's "Motion to Vacate Notation Order Granting Motion for Leave of D. Benham Kirk, Jr. to appear *Pro Hac Vice*" (Doc. 160)**

    On June 27, 2011, Defendant filed a motion requesting that the Court vacate its approval of Plaintiff's counsel, D. Benham Kirk, Jr., to appear *pro hac vice*. However, on July 27, 2011 -- one month after Defendant filed this motion -- Judge Rose ruled on this precise issue and overruled

---

[1]Attached hereto is NOTICE to the parties regarding objections to this Report and Recommendation.

Defendant's objections (doc. 157) to Mr. Kirk's *pro hac vice* approval. (*See* doc. 171). Given the Court's prior ruling, defendant's motion (doc. 160) -- which is duplicative of his objections on this issue -- is **DENIED AS MOOT**.

## II.

### Defendant's Motions Requesting the Court To Take "Judicial Notice" of His Filings in Another Matter (Docs. 156, 170)

Defendant has filed two motions asking the Court to take "judicial notice" of various filings he has submitted in *Davis v. Lifetime Capital, Inc.*, No. 3:04-cv-59, a case presently before Magistrate Judge Sharon L. Ovington. (Docs. 156, 170). In both motions, Plaintiff cites to Rule 201 of the Federal Rules of Evidence in support of his position that the Court should take judicial notice of all of his filings in *Davis*.

Defendant's reliance on Rule 201 is misplaced. Rule 201 states, in pertinent part:

> (b) Kinds of Facts That May Be Judicially Noticed. The court may judicially notice a fact that is not subject to reasonable dispute because it:
>
> (1) is generally known within the trial court's territorial jurisdiction; or
> (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned.

F.R.E. 201(b). Defendant's filings in *Davis* are not the type of fact subject to judicial notice pursuant to Federal Rule of Evidence 201(b). Therefore, Defendant's motions (docs. 156, 170) requesting such are **DENIED**.

## III.

### Defendant's Motions Regarding Alleged *Ex-Parte* Communications (Docs. 154, 161)

Defendant has filed numerous motions in this case alleging that Plaintiff's counsel has wrongfully engaged in *ex-parte* communications with Magistrate Judge Ovington. Presently, two

motions are before the Court where Defendant, once again, makes these allegations. (Docs. 154, 161).

In his motion captioned "Motion for a List of All *Ex-Parte* Communications the Plaintiff has had with this [C]ourt..." (doc. 154), Defendant references a "hearing" that purportedly took place on April 29, 2010 (PageID 1530), and a September 8, 2010 "telephone conference" (PageID 1531) in support of his allegations of improper behavior. The Docket Sheet for this case reveals that the Court held no hearings or proceedings on those dates. His demand (doc. 154) therefore lacks merit.

Similarly, in his motion captioned "Notice of Pattern of Ex-Parte Communications...[and] Request for Judicial Notice Pursuant to Rule 201 of the Federal Rules of Evidence" (doc. 161), Defendant again alleges improper *ex-parte* communications. As the relief requested his motion, Defendant asks that the Court "take judicial notice of the *ex-parte* contacts in the related *Davis* action, as well as the Sixth Circuit Court of [A]ppeals." (*Id*. at PageID 1616).

Defendant's motions are comprised of nothing more than unsupported accusations, and exclusively reference proceedings which may or may not have taken place in the *Davis* case. Defendant's filings in this case, which exclusively reference proceedings in *Davis*, are improper.[2] Moreover, as discussed *supra*, Defendant's filings from *Davis* are not the types of facts subject to judicial notice pursuant to Federal Rule of Evidence 201(b).

Defendant's motions regarding purported *ex-parte* communications (docs. 154, 161) lack merit, and are therefore **DENIED**.

---

[2] The Court notes that Judge Rose, the U.S. District Judge to whom this case is assigned, has already ruled on Defendant's numerous allegations of impropriety and denied a similar motion filed by Defendant on February 22, 2011. (*See* docs. 114, 130). Additionally, regarding *Davis*, the Court notes that Defendant was dismissed as a party in that case on February 27, 2009. (*See* Case No. 3:04-cv-59, Doc. 1014).

**IV.**

**Defendant's Motion to Dismiss For Lack of Subject Matter Jurisdiction and Plaintiff's Motion to Strike Defendant's Responsive Filing** (**Docs. 154, 161**)

The issue in this case of whether Plaintiff's claims are properly before this Court -- or whether they are to be heard before an arbitrator -- is one that has been the subject of many briefs and numerous appeals. At the direction of the Sixth Circuit, this Court has been ordered to "engage in a limited review to determine not only whether there is an agreement to arbitrate, but also whether the specific dispute falls within the substantive scope of that agreement." *Moran v. Svete*, 366 Fed. Appx. 624, 632 (6th Cir. 2010).

In response to the Sixth Circuit's ruling, on April 2, 2010, Magistrate Judge Ovington ordered the parties to brief their arguments regarding the arbitration issue. (Doc. 71). Defendant filed several motions to extend the Court's briefing schedule. (Docs. 72, 75, 76, 81, 90). On April 8, 2011, Magistrate Judge Ovington issued a new briefing schedule. (Doc. 130). The Scheduling Order established May 9, 2011 as the cut-off date for the parties to file "their respective Memoranda concerning the arbitration provision and addressing the pertinent issues identified by the Court of Appeals' decision," and set June 9, 2011 as the cut-off date for the parties to file a reply to the opposing party's memorandum. (*Id.*).

Plaintiff's "Memorandum Concerning Arbitration" was filed on May 9, 2011. (Doc. 143). Defendant's memorandum on the issue of arbitration, captioned as a "Motion to Dismiss, and, in the Alternative, Stay, For Lack of Subject Matter Jurisdiction," was filed on May 16, 2011. (Doc. 145). Pursuant to the Scheduling Order, Plaintiff filed a responsive brief on June 9, 2011 (doc. 148); Defendant's responsive brief was not filed until August 10, 2011.(Doc. 174). On August 24, 2011,

4

Plaintiff filed a motion to strike Defendant's 68-page responsive filing.[3] (Doc. 175). In support of his motion, Plaintiff cites Rule 7.2(a)(3) of the Southern District's Local Rules, which states:

> Memoranda in support of or in opposition to any motion or application to the Court should not exceed twenty (20) pages. In all cases in which memoranda exceed twenty (20) pages, counsel must include a combined table of contents and a succinct, clear and accurate summary, not to exceed five (5) pages, indicating the main sections of the memorandum, the principal arguments and citations to primary authority made in each section, as well as the pages on which each section and any sub-sections may be found.

S. D. Ohio Civ. R. 7.2(a)(3).

Because Defendant's memorandum on the issue of arbitration is captioned as a "motion to dismiss" -- a dispositive motion -- it is ripe for Report and Recommendation.

At the outset, the Court notes that on November 18, 2011, Plaintiff filed a motion for summary judgment. (Doc. 177). The Court further notes that because of the Sixth Circuit's independent directive to the Court to consider the overarching issue of arbitration in this case, if, in conducting its review, the Court determines that some or all of Plaintiff's claims are to be adjudicated by an arbitrator, the Court would be required to stay these proceedings pending arbitration independent of Defendant's pending "Motion to Dismiss" (doc. 145).

Furthermore, in order to comply with the Sixth Circuit's directive, the Court must engage in an in-depth review of the facts of this case, the hundreds of pages of briefings and exhibits that

---

[3] Defendant's responsive filing was not received by the Clerk of Courts until August 10, 2011. The Court notes that although the Certificate of Service attached to Defendant's submission is dated June 9, 2011 -- the due date -- the document took more than two months to reach the Clerk. Moreover, Plaintiff's motion to strike only references the page length -- not the timeliness. While the Court is suspicious of the length of time it took for Defendant's brief to reach the Clerk and *could* strike the brief as untimely and non-compliant with the Court's Local Rules, the Court, as discussed *infra* and out of an abundance of caution, will consider the arguments contained therein when it addresses the merits of the arbitration issue in its Report & Recommendation on Plaintiff's motion for summary judgment.

5

the parties have submitted on the issue of arbitration throughout these proceedings, and a discussion of the applicable law. Much of the Court's analysis regarding the facts, parties' positions, and the law will overlap with the necessary analysis the Court will conduct in issuing its Report and Recommendation on Plaintiff's motion for summary judgment.

Based on the Sixth Circuit's directive, the Court's omnipresent duty to consider *sua sponte* issues regarding subject matter jurisdiction, *see Answers in Genesis of Ky., Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009), and the overlap of the facts, arguments, and law that the Court must address in its Report and Recommendation on Plaintiff's summary judgment motion, the Court **RECOMMENDS** that Defendant's motion to dismiss (doc. 145) be **DENIED WITHOUT PREJUDICE** to the arguments raised therein. Given its interest in judicial efficiency, the Court will fully consider and address both parties' arguments on the issue of arbitration -- including Defendant's responsive filing (doc. 174) in its entirety -- and will conduct its analysis regarding the issue, as directed by the Sixth Circuit, in its forthcoming Report and Recommendation on Plaintiff's summary judgment motion. As such, Plaintiff's motion to strike (doc. 175) is **DENIED**.

## V.

Based upon the foregoing, the Court therefore **RECOMMENDS** as follows:

1. Defendant Svete's Motion to Dismiss (**Doc. 145**) be **DENIED WITHOUT PREJUDICE** for the reasons set forth above;

2. Recognizing that Defendant has attempted to appeal a number of non-dispositive orders in this case, the Court notes that this Order/Report & Recommendation does not concern the entry of final judgment of any matter. The Court further finds that any appeal of this Order/Report & Recommendation would not be taken in good faith, and therefore **RECOMMENDS** that if Defendant does attempt to appeal he be denied leave to proceed *in forma pauperis* on appeal.

In addition, based upon the foregoing, the Court therefore **ORDERS** as follows:

1. **Doc. 160** is **DENIED AS MOOT** for the reasons set forth above; and

2. **Docs. 154, 156, 161, 170, and 175** are **DENIED** for the reasons set forth above.

3. The Clerk is **ORDERED** serve a copy of this Order/Report & Recommendation to Defendant at his prison address.

February 16, 2012                             s/**Michael J. Newman**
                                                         United States Magistrate Judge


## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B)(C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).