IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

H. THOMAS MORAN, II,
in his Capacity as Receiver of
the Assets of Lifetime Capital, Inc.
and Certain Affiliated Persons
and Entities,

       Plaintiff,

vs.

DAVID W. SVETE,

       Defendant.

Case No.: 3:05-cv-72

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

**ORDER AND ENTRY DISMISSING DEFENDANT'S COUNTERLCLAIMS WITH PREJUDICE AND TERMINATING THIS CASE ON THE DOCKET OF THE COURT**

This civil case is presently before the Court following the Magistrate Judge's Order directing Defendant David W. Svete ("Svete") to show cause as to why his counterclaims should not be dismissed for failure to prosecute. (Doc. 215). Svete failed to file any response to the Order of the Magistrate Judge and the time for doing so expired on July 1, 2014. Accordingly, the question before the Court at this time is whether Svete's counterclaims are abandoned, and as a result, whether those counterclaims should be dismissed for failure to prosecute.

**I.**

This proceeding commenced as, *inter alia,* a civil RICO action brought by Plaintiff-Receiver, H. Thomas Moran, II, ("the Receiver") to recover monies from Svete. The Magistrate Judge previously provided a detailed factual and procedural history of this case (docs. 210, 215) and the Court will not fully rehash the extent of such history in this Order.

Relevant to the present inquiry, however, is the fact that Svete -- proceeding *pro se* -- is, to the Court's knowledge, incarcerated in a federal facility in California following convictions on counts of money laundering, mail fraud and interstate transportation of money obtained by fraud. During the pendency of this civil case, Svete filed for bankruptcy protection which resulted in a stay of this proceeding.  Following the bankruptcy proceedings, the Receiver advised the Court that his claims against Svete were discharged in bankruptcy (doc. 213), and the Court, upon the recommendation of the Magistrate Judge, dismissed the Receiver's claims with prejudice on June 18, 2014.  (Docs. 215, 216).

Although the Receiver's claims have been dismissed with prejudice, Svete's three counterclaims arguably remain pending.  Because Svete has failed to participate in this case for approximately one year (doc. 202), the Magistrate Judge directed Svete to "confirm whether [he] still seeks to compel these counterclaims to arbitration given his lack of recent involvement in this case." (Doc. 215 at PageID 2368).  To that end, the Magistrate Judge ordered Svete to show cause and advise the Court -- in writing and on or before July 1, 2014 -- "whether he still seeks an Order compelling his counterclaims to arbitration."  (*Id*. at PageID 2369).  The Magistrate Judge afforded Svete a sufficiently long period of time to respond, *i.e.*, more than one month, to reasonably accommodate concerns regarding Svete's ability to promptly respond as a result of his present incarceration.  (*Id.*)  The Magistrate Judge further advised Svete that failure to respond by July 1, 2014 may be construed as an abandonment of his counterclaims, and that failure to respond could result in dismissal of his counterclaims with prejudice.  (*Id.*)

Despite the foregoing notice, Svete failed to respond to the Show Cause Order and the time for doing so has expired.  Svete has not sought an extension of the July 1st deadline to show cause and has not made any filings in this case since June 4, 2013 (doc. 202), more than one year ago. Assuming, *arguendo,* that the three counterclaims were properly pled and are properly

before the Court at this time, those counterclaims have been abandoned. Therefore, as a result of Svete's failure to prosecute, his counterclaims must be dismissed for lack of prosecution. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962) (stating that "[t]he authority of a federal trial court to dismiss a . . . [cause of] action with prejudice [for] failure to prosecute cannot seriously be doubted[,]" and is, in fact, "necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts").

## II.

For the foregoing reasons, Defendant Svete's counterclaims are **DISMISSED WITH PREJUDICE.**  Because all claims asserted in this case have been disposed, this case is **TERMINATED UPON THE COURT'S DOCKET** and **CLOSED.**

IT IS SO ORDERED.


Date:   July 2, 2014                                        *s/Thomas M. Rose
                                                            _____
                                                            Thomas M. Rose
                                                            United States District Judge